CLD-030                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2862
_____

IN RE:  KEVINO GRAHAM,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Criminal Action No. 2:14-cr-00623-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on November 6, 2025

Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: December 9, 2025)

_____

_____

OPINION[*]

_____

PER CURIAM

Pro se petitioner Kevino Graham is a federal prisoner who is serving a 100-year prison term imposed against him in 2017 for multiple counts of sex trafficking by force in violation of 18 U.S.C. §§ 1591 and 1594. His many efforts to attack that judgment, which was entered by the United States District Court for the Eastern District of Pennsylvania, have been unsuccessful. Undeterred, Graham now petitions our Court for a writ of mandamus. In support of this petition, he claims that two district court decisions in this Circuit (neither of which was issued in his case[1]) conflict with one another regarding their respective interpretations of § 1591. Graham contends that this split "create[s] a number of issues," 3d Cir. Dkt. No. 5, at 2, and he asks us to issue the writ to resolve the split.

Even if we assume for the sake of argument that there is indeed tension between the two district court decisions to which Graham refers, he has not explained how that tension affects him, let alone demonstrated that such tension entitles him to the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The two district court cases to which Graham refers are United States v. Phillip, No. 1:19-cr-00001-002, 2023 U.S. Dist. LEXIS 73475 (D.V.I. Apr. 27, 2023), and United States v. McIntyre, No. 2:13-cr-00361-001, 2014 U.S. Dist. LEXIS 43005 (E.D. Pa. Mar. 31, 2014). Although Graham mistakenly identifies Phillip as being decided by the United States District Court for the Middle District of Pennsylvania, the resolution of his mandamus petition in no way turns on that mistake.

extraordinary relief of mandamus. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances" (alteration in original) (internal quotation marks omitted)); see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (indicating that mandamus is a drastic remedy that is available in extraordinary circumstances only). Accordingly, we will deny Graham's mandamus petition.